## In re ROSIER.
### Patent Appeal No. 3153.

Court of Customs and Patent Appeals.
May 29, 1933.

Morris Kirschstein, of New York City (J. B. Felshin, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting claims 11, 14, 15, 16, and 34 of appellant's application for want of invention over the prior art. Other claims were rejected which are not here involved; no claims were allowed.

Claims 11 and 15 are illustrative of the claims in issue, and read as follows:

"11. The art of preparing a gaseous highly combustible fuel from liquid and gaseous fuel constituents consisting in applying heat to each of the constituents for vaporizing, expanding and gasifying the liquid constituents and preheating the gaseous constituents, separately subjecting the liquid constituent to a catalytic action during vaporization and then mixing said constituents while in a heated state to form a highly combustible fuel."

"15. The art of producing gaseous fuel from liquid and gaseous fuel constituents consisting in gasifying the liquid constituent in the presence of a catalyzing agency, and preheating the gaseous constituent by exposing both to heat, regulating the intensity of the heat for controlling the gasification and preheating to bring said constituents to a desired temperature, and injecting the preheated gaseous constituent into the gasified constituent under pressure and in proper proportion to form a gaseous, highly combustible mixture of said constituents."

The references relied upon by the Board of Appeals are: Constantinescu, 1,021,039, March 26, 1912; Larkin, 1,618,449, February 22, 1927.

The application relates to a process for making a gaseous fuel from hydrocarbon oils and steam or air, for use in internal combustion engines, etc. The liquid and gaseous fuel elements are separately treated by heat; the hydrocarbon oil being treated in the presence of a catalyzing agent separate and apart from the gaseous fuel constituent. After the liquid constituent has been preheated, expanded, and gasified, and the gaseous constituent has been preheated, the two are mixed in a heated state to form a highly combustible fuel.

Claims 14, 15, and 34 were rejected by the Board upon the reference Constantinescu, and also upon the reference Larkin, and claims 11 and 16 were rejected upon Larkin alone.

Claims 11, 14, 15, and 16 were rejected by the Examiner upon the reference Constantinescu and also upon other references, and claim 34 was rejected by him upon the reference Larkin and a patent to one Beucus. The Board of Appeals rejected all of the references relied upon by the Examiner except Constantinescu and Larkin, and as to these references the two tribunals of the Patent Office did not fully concur; the Board did not rely upon Constantinescu for the rejection of claims 11 and 16, as did the Examiner; the Board relied upon Constantinescu and Larkin for the rejection of claims 14 and 15, whereas the Examiner did not rely upon Larkin; and the Board relied upon Constantinescu as well as Larkin for the rejection of claim 34, whereas the Examiner relied upon Larkin and Beucus.

We do not find it necessary to describe in detail the process disclosed by Constantinescu; both appellant and Constantinescu describe heating the hydrocarbon oil in the presence of copper, which, together with certain other metals therein named, appellant in his specification states is a catalyzing agent. The chief distinction between the disclosure of appellant and that of Constantinescu is that appellant discloses the heating of the hydrocarbon oil in the presence of a catalyzer separately from the other gaseous fuel constituent, while Constantinescu shows such heating of the hydrocarbon oil in the presence of such gaseous fuel constituent.

Appellant contends that all of the claims here in issue should be construed as requiring the hydrocarbon oil to be separately heated in the presence of a catalyzer; the Board held that this was true only as to claims 11 and 16, and that, as to claims 14, 15, and 34, they were so broad as to embrace subjecting the oil to catalytic action in the presence of the gaseous constituent.

The Board in its decision said: "The Examiner further rejected said claims [claims 11, 14, 15, 16 and 34] on the patent to Constantinescu No. 1,021,039. This patent discloses the use of 'lumps or fragments of heat conducting material b, for example, copper or iron, onto which the fuel trickles.' Appellant contends that this patent is not a reference because the air and oil are mixed together in the presence of the copper nodules. It is noted, however, that only claims 11 and 16 specify separately subjecting the liquid constituent to a catalytic action. Claims 14, 15 and 34 are satisfied even if the oil is subjected to catalytic action in the gaseous constituent. * * * "

We are in agreement with this conclusion of the Board; we do not think that the language used in claim 14, and substantially similar language in claims 15 and 34, expresses the thought that the gaseous fuel constituent must not be present when the oil is subject to catalytic action. The language of claim 14 is " * * * exposing said liquid fuel to heat in the presence of a catalyzing agent. * * * " It seems to us that this language is broad enough to include the presence of the gaseous fuel constituent while the oil is subject to catalytic action, and therefore is not distinguishable in this respect from the disclosure of Constantinescu.

With respect to the other distinctions between said claims 14, 15, and 34 and the disclosure of Constantinescu, we agree with the Board that they are of no patentable significance.

With respect to claims 11 and 16, however, as before noted, it is specifically provided therein that the oil shall be subjected to catalytic action separately from the gaseous fuel constituent, and therefore they are not met by the Constantinescu disclosure. As to these two claims, as above noted, they were rejected by the Board upon the reference Larkin alone.

While appellant insists that there are a number of patentable distinctions between said claims 11 and 16 and the disclosure of Larkin, we find it necessary to refer only to one, to wit, the subjecting of the oil to catalytic action separately from the gaseous fuel constituent. Larkin does not anywhere in his specification refer to any catalytic action to which the oil is subjected, but he does show that the oil is vaporized by heat while the oil passes through an asbestos wick. The question upon this branch of the case is

whether asbestos subjects the oil to catalytic action when the gaseous fuel constituent is absent. Upon this point the Board in its decision stated: "Claims 11, 14, 15, 16 and 34, in our opinion, are anticipated by the patent to Larkin, No. 1,618,449 cited by the examiner against certain of the claims, including claim 34. In our decision in the companion application Serial No. 200,855 we held that the asbestos wick of Larkin is a catalyzer. * * *"

It is the position of the Solicitor for the Patent Office that, although Larkin's specification may be silent as to catalytic properties, it is still a good reference upon that point if the asbestos wick of Larkin is, as a matter of fact, a catalyzer. In support of this position he cites the case of In re Ebert et al., 57 F.(2d) 356, 19 C. C. P. A. 1087. This is undoubtedly a correct statement, but, before the Larkin reference is applicable upon this point, it must appear that asbestos, as employed by Larkin, is, in fact, a catalyzer. Neither appellant's specification nor the references refer to asbestos as a catalyzing agent. The Solicitor argues that, the Board of Appeals having found that the asbestos wick shown by Larkin is a catalyzer, the burden is upon appellant to produce evidence or authority to indicate that the Board was wrong as to its finding of fact upon this point.

We think that, if asbestos as employed by Larkin has catalytic properties, the Board should have disclosed the basis upon which such fact was found by it. We find nothing in the record to warrant such finding. As we understood the Solicitor for the Patent Office upon oral argument, he contended that appellant was estopped from making the contention that the record fails to show that asbestos, as used by Larkin, has catalytic properties, because in a companion case in which appellant was the applicant the Board held the asbestos wick of Larkin did have such properties, and that, as appellant had not appealed from such finding, he is bound by it.

The record in such companion case is not before us. The decision of the Board in the instant case does state that the application in said companion case involved an apparatus for performing the process here claimed. We are not advised from the record whether the claims in said companion case were allowed or rejected by the Board, nor are we advised as to what the issues were; therefore we find no element of estoppel appearing in the record, and the decision of the Board finds no support in the mere fact that in a companion case it had held that the asbestos wick of Larkin had catalytic properties.

It is interesting to note in this connection that the Examiner in his decision in the case at bar held that various substances named had catalytic properties, and in support of such holding he relied upon certain references as disclosing such properties; but the Board of Appeals rejected such holding upon the ground that such catalytic properties were not shown in such references.

If appellant had admitted, or were it otherwise shown in the record, that the asbestos wick of Larkin had catalytic properties, the fact that he (Larkin) made no mention of such properties, or may not have known of such properties, would be immaterial, as we held in the case of In re Ebert et al., supra. Inasmuch as it does not appear from the record that there was any basis for the finding of the Board of Appeals that the asbestos wick of Larkin had catalytic properties, we must find that the Board erred in so finding, and therefore erred in its rejection of said claims 11 and 16 upon the reference Larkin.

We find nothing in the record with respect to claims 11 and 16 that warrants their rejection.

The decision of the Board of Appeals is affirmed as to claims 14, 15, and 34, and reversed as to claims 11 and 16.